FILED

14 JAN 10 PM 1: 24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB ADAM CASTRO,<br>CDCR #K-48103,<br><br>                     Plaintiff,<br><br>vs.<br><br>G.J. JANDA; BENTLY; DR. GREY;<br>VALENCIA; S. HERNANDEZ; L.<br>HERNANDEZ; SUDU; CONES;<br>LIEUTENANT DAVIS,<br><br>                     Defendants. | Civil No.    13cv2750 BEN (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 1];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 6]; and**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Jacob Adam Castro ("Plaintiff"), a state inmate currently at Corcoran State Prison located in Corcoran, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 in the Central District of California. On November 6, 2013, United States District Judge George H. King determined that venue was not proper

1   in the Central District and transferred the matter to the Southern District of California.

2       Plaintiff has not prepaid the initial civil filing fee but instead filed a Motion to

3   Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a

4   Motion for Appointment of Counsel. [ECF Nos. 1, 6.]

5                                        **I.**

6                          **MOTION TO PROCEED IFP**

7       All parties instituting any civil action, suit or proceeding in a district court of the

8   United States, except an application for writ of habeas corpus, must pay a filing fee of

9   $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

10  prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28

11  U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

12  However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee

13  in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C.

14  § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

15      Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

16  ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the

17  trust fund account statement (or institutional equivalent) for the prisoner for the six-

18  month period immediately preceding the filing of the complaint." 28 U.S.C. §

19  1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

20  trust account statement, the Court must assess an initial payment of 20% of (a) the

21  average monthly deposits in the account for the past six months, or (b) the average

22  monthly balance in the account for the past six months, whichever is greater, unless the

23  prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The

24  institution having custody of the prisoner must collect subsequent payments, assessed

25  at 20% of the preceding month's income, in any month in which the prisoner's account

26  exceeds $10, and forward those payments to the Court until the entire filing fee is paid.

27  *See* 28 U.S.C. § 1915(b)(2).

28      The Court finds that Plaintiff has no available funds from which to pay filing fees

1  at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner
2  be prohibited from bringing a civil action or appealing a civil action or criminal
3  judgment for the reason that the prisoner has no assets and no means by which to pay the
4  initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4)
5  acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a
6  "failure to pay . . . due to the lack of funds available to him when payment is ordered.").
7  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 1] and
8  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350
9  balance of the filing fees mandated shall be collected and forwarded to the Clerk of the
10  Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

13  Plaintiff also requests appointment of counsel in this matter.  *See* Pl.'s Mot. for
14  Appoint. Counsel (ECF Doc. No. 6) at 1.  The Constitution provides no right to
15  appointment of counsel in a civil case, however, unless an indigent litigant may lose his
16  physical liberty if he loses the litigation. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18,
17  25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted
18  discretion to appoint counsel for indigent persons. This discretion may be exercised only
19  under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.
20  1991).  "A finding of exceptional circumstances requires an evaluation of both the
21  'likelihood of success on the merits and the ability of the plaintiff to articulate his claims
22  pro se in light of the complexity of the legal issues involved.'  Neither of these issues is
23  dispositive and both must be viewed together before reaching a decision." *Id.* (quoting
24  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

25  The Court denies Plaintiff's request without prejudice, as neither the interests of
26  justice nor exceptional circumstances warrant appointment of counsel at this time.
27  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.
28  ///

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.    42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the

4

13cv2750 BEN (MDD)

1  conduct deprived the claimant of some right, privilege, or immunity protected by the

2  Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,*

3  541 U.S. 637, 643 (2004); *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985) (en

4  banc).

5  **B.    Eighth Amendment Failure to Protect Claims**

6  Plaintiff alleges that Defendants failed to protect him from harm when he fell

7  down stairs at the Imperial County Courthouse while being escorted in "waistchains" and

8  "shackles." (Compl. at 6.)  To state a failure to protect claim, Plaintiff must allege facts

9  sufficient to show that Defendants were "deliberately indifferent," that they were aware

10 of, but nevertheless consciously disregarded an excessive risk to his health or safety.

11 *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).   If the official is not alleged to have

12 actual knowledge of a serious risk of harm, but is alleged to be aware of facts from which

13 the inference could be drawn that a substantial risk of serious harm exists, the plaintiff

14 must further allege that the official "also dr[ew] the inference." *Id.* at 837; *Wilson v.*

15 *Seiter,* 501 U.S. 294, 303 (1991).

16 Here, Plaintiff alleges that Defendants were "careless in their duties" when they

17 were transporting him. (Compl. at 7.)  Plaintiff alleges some of the named Defendants

18 were watching other inmates at the time he fell and he alleges that Defendant Sodu was

19 "facing away from me." (*Id.* at 6.)  Plaintiff's allegations fall short of finding sufficient

20 allegations to show that each of the named Defendants could have drawn the inference

21 that there was a substantial risk of serious harm to Plaintiff. *See Ashcroft v. Iqbal,* 556

22 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable

24 for the misconduct alleged.").

25 Accordingly, as currently plead, Plaintiff has failed to show that any Defendant

26 acted with conscious disregard to a risk to his safety. *See Farmer,* 511 U.S. at 837;

27 *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978) (to establish a deprivation of a

28 constitutional right by any particular individual, the plaintiff must allege that the

1  individual, in acting or failing to act, was the actual and proximate cause of his injury).

2  Thus, Plaintiff's Eighth Amendment failure to protect claims are dismissed for failing

3  to state a claim upon which relief can be granted.

4  ### C.  Eighth Amendment Medical Care Claims

5  Where an inmate's claim is one of inadequate medical care, the inmate must allege

6  "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

7  medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two

8  elements: "the seriousness of the prisoner's medical need and the nature of the

9  defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

10  1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136

11  (9th Cir. 1997).  A medical need is serious "if the failure to treat the prisoner's condition

12  could result in further significant injury or the 'unnecessary and wanton infliction of

13  pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a

14  serious medical need include "the presence of a medical condition that significantly

15  affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of

16  a serious medical need, an inmate satisfies the objective requirement for proving an

17  Eighth Amendment violation. *Farmer*, 511 U.S. at 834.

18  In general, deliberate indifference may be shown when prison officials deny,

19  delay, or intentionally interfere with a prescribed course of medical treatment, or it may

20  be shown by the way in which prison medical officials provide necessary care.

21  *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said

22  that an inmate's civil rights have been abridged with regard to medical care, however,

23  "the indifference to his medical needs must be substantial.   Mere 'indifference,'

24  'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*

25  *v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06);

26  *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

27  Here, while it is not clear whether Plaintiff has sufficiently alleged a serious

28  medical or mental health need, the Court does find that he fails to allege facts sufficient

1  to show any deliberate indifference by Defendant Janda.  Plaintiff alleges that he was
2  housed temporarily at "Calipatria State Prison for court proceedings." (Compl. at 9.) He
3  further alleges that he was a participant in the Mental Health Delivery System." (*Id.*)
4  Plaintiff alleges that he was housed at Calipatria State Prison ("CSP") for some
5  unspecified period of time "over the (30) thirty day time limit for being housed at CSP
6  and needed to be transferred back to Lancaster State Prison." (*Id.*)  Plaintiff contends
7  Defendant Janda knew that Plaintiff had stayed longer than thirty days but stated at
8  Plaintiff's classification proceeding that "it's not hurting anybody by being over the time
9  limit." (*Id.*)

10      It is simply not at all clear how the fact that Plaintiff was housed past the purported
11  thirty day limitation at CSP constitutes "deliberate indifference" to his mental health
12  needs.  Plaintiff's Complaint is devoid of facts alleging that Plaintiff was either denied
13  treatment or was provided inadequate treatment to his mental health needs while housed
14  at CSP.    Thus, Plaintiff's Eighth Amendment  inadequate medical care claims  are
15  dismissed for failing to state a claim upon which relief can be granted.

16                                      **IV.**
17                          **CONCLUSION AND ORDER**
18      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:
19      1.    Plaintiff's Motion for Appointment of Counsel [ECF No. 6] is **DENIED**
20  without prejudice.
21      2.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No.
22  1] is **GRANTED**.
23      3.    The Secretary of California Department of Corrections and Rehabilitation,
24  or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the
25  filing fee owed in this case by collecting monthly payments from the account in an
26  amount equal to twenty percent (20%) of the preceding month's income and forward
27  payments to the Clerk of the Court each time the amount in the account exceeds $10 in
28  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY

1  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

2      4.       The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

3  Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S

4  Street, Suite 502, Sacramento, California 95814.

5      **IT IS FURTHER ORDERED** that:

6      5.       Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28

7  U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is granted forty-five (45)

8  days leave from the date this Order is "Filed" in which to file a First Amended

9  Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended

10  Complaint must be complete in itself without reference to the superseded pleading. *See*

11  S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the

12  Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d

13  565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim

14  upon which relief may be granted, it may be dismissed without further leave to amend

15  and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v.*

16  *Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

17      6.       The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

18      **IT IS SO ORDERED.**

19

20  DATED: _____

21                                 HON. ROGER T. BENITEZ

22                                 United States District Judge

23

24

25

26

27

28